[No. 555.  Decided February 20, 1890.]

## J. WILSON PAXTON v. CORAL H. DANFORTH'S *Administrator.*

EQUITY JURISDICTION — VIOLATION OF ESCROW.

Where the complaint shows that plaintiff and defendant both filed upon the same government land, and by way of compromise each agreed to relinquish a portion of the claim to the other, and that plaintiff executed a deed to defendant for twenty acres of the portion relinquished to plaintiff, and placed the same in escrow to be delivered after final proof under his homestead entry, but that prior thereto defendant wrongfully obtained possession of said deed and placed it of record, a court of equity has power to order the return of the deed to escrow, on the ground that plaintiff has a special interest, beyond any mere pecuniary value attached to the instrument, in having said deed held in escrow, in view of the fact that the land laws of the United States prohibit the conveyance of public lands before final proofs.

*Appeal from District Court, Pierce County.*

The facts are fully stated in the opinion.

*John Arthur*, for appellant.

Plaintiff had, at the time of filing his complaint, no title upon which a cloud could be cast.  *Farnham v. Campbell*, 34 N. Y. 480; *Bockes v. Lansing*, 74 N. Y. 441–2; *Heywood v. City of Buffalo*, 14 N. Y. 537, 540, 542; *Orton v. Smith*, 18 How. 265; *Phelps v. Harris*, 101 U. S. 374–5.

" There must exist some circumstances establishing the necessity of a resort to equity, to prevent an injury which

might be irreparable, and which equity alone is competent to avert." A court of equity will not interfere to prevent apprehended action in another tribunal. *Town of Venice v. Woodruff*, 62 N. Y. 467.

"If the instrument claimed to constitute the cloud is void upon its face, a court of equity will not interfere to remove it, because such an instrument can work no mischief; and the same is true, although the invalidity does not appear upon the face of the instrument, if it necessarily appears in some one of the links of title which the claimant would have to establish in order to give the instrument force and effect." *Fonda v. Sage*, 48 N. Y. 179, 184–5; *Piersoll v. Elliott*, 6 Pet. 98–9.

The respondent executed the deed mentioned in the complaint in violation of law, and is, consequently, not in a position to invoke the aid of a court of equity to enable him to evade his obligations to the appellant. Rev. St. U. S., §§ 2288, 2292.

If the execution of the deed was not in violation of a law of the United States, plaintiff can not be annoyed and delayed in the perfecting of his title to said lands by the recording thereof in the county auditor's office; if it was in such violation, a court of equity will not shield him from the consequences. *Creath's Adm'r v. Sims*, 5 How. 204.

The court erred in assuming any jurisdiction over the subject-matter of this action; the legal and equitable title to the land being still in the United States. *McDougal v. Ostrander & Hayden*, 14 Copp's Land Owner, 123, and cases there cited; *Lewis v. Lewis*, 43 Am. Dec. 541; *State v. Bachelder*, 80 Am. Dec. 418.


*Lewis Cass Branson*, and *Doolittle & Pritchard*, for appellee.

The respondent's interest in the land is an equitable estate and is sufficient to entitle him to relief as prayed for.

*Lamb v. Davenport*, 18 Wall. 307; *Remington Paper Co. v. O'Dougherty*, 81 N. Y. 474.

The respondent was entitled to relief without regard to the nature of his interest in the land interest. Regarding the so-called deed as an article of chattel property, it was one having but little pecuniary value, and yet its possession and use by the appellant in the way he had done, and which he threatened to do, was a wrong which could not be compensated in damages; and, under the circumstances, regarding the deed as a mere paper scroll, it had a special value to the respondent over and above any pecuniary estimate, and hence, equity should decree a specific delivery. 3 Pom. Eq. Jur., § 1402, and authorities there cited. It is an elementary proposition that delivery is an essential requisite of a deed, and that the placing of the instrument in escrow is not a delivery, and such instrument while in escrow is not a deed but a mere contract or paper scroll; hence, the respondent did no more than make a contract to convey a portion of his homestead claim, and such a contract does not constitute an alienation and does not affect his *status* as a homesteader under the laws of the United States. *Aldrich v. Anderson*, 10 Copp's Land Owner, 358 (S. C. 2 Dec. Dept. Int. Pub. Lands); *Dawson v. Merrille*, 2 Neb. 119; *Matthiesen & Ward v. Williams*, 10 Copp's Land Owner, 356 (S. C. 3 Dec. Dept. Int. Pub. Lands, p. 282).

By the wrongful acts of the appellant, in taking the paper scroll out of the custody where it was placed by the parties and causing it to be recorded in the record of deeds, he has made it assume the form and appearance of an actual conveyance, and the wrongful record made by the appellant *prima facie* evidence of an alienation, such as would defeat the respondent's claim. Upon well recognized grounds of equity jurisprudence the instrument ought to be restored to the custody whence it was taken, or delivered to the respondent. The case is analogous in all its principles to an action for the delivery of a title deed.

3 Pom. Eq. Jur., p. 443, and note 1, and authorities cited; also, 3 Pom. Eq. Jur., § 1377.

The opinion of the court was delivered by

SCOTT, J. — The defendant appeals from the judgment of the district court overruling his demurrer to the complaint, and in granting relief to the plaintiff. It appears from the complaint that in February, 1884, plaintiff, Danforth, and defendant were each seeking to obtain title from the United States to the same parcel of land, plaintiff having a pre-emption filing and the defendant a homestead filing thereon; that in March, 1884, said parties agreed to a compromise whereby plaintiff relinquished his claim to a part of said lands and defendant relinquished his claim to the remaining portion, whereupon each party filed a homestead claim upon the land released by the other. It was further agreed between the parties, in making said compromise, that as soon as the plaintiff should make final proof and entry of the lands embraced in his homestead claim he should convey to the defendant, by deed of warranty, twenty acres thereof. In pursuance of said agreement a deed was signed by the plaintiff, duly acknowledged before a proper officer and placed in escrow in the Tacoma National Bank, there to be held until final proof should be made as aforesaid, when it was to be delivered to the defendant; that soon thereafter the defendant, in violation of the terms of said compromise, conspired with one Daniels to defeat plaintiff's claim to said lands relinquished by defendant, and to prevent the plaintiff from making his final proof; that he induced said Daniels to enter upon and claim said lands and to undertake to obtain title thereto from the United States under its land laws, and to further said designs the defendant wrongfully procured the possession of said deed from the bank and caused the same to be recorded in the county auditor's office of Pierce county before the plaintiff had made his final proof.

Whereupon the plaintiff commenced this suit in equity, and as a part of the relief prayed for he asked the court to decree that the defendant be required to return the deed to said bank, there to be held in escrow. The grounds of the demurrer were that the complaint does not state a cause of action, and that the court had no jurisdiction of the subject-matter. The demurrer was overruled, and the court ordered the deed returned to the bank to be held in escrow.

It appears to us that this is a case wherein a court of equity has jurisdiction and should grant relief. The plaintiff had a special and peculiar interest in said instrument in having the same held in escrow, by reason of the uses to which it could be put and the damage it might do him in causing the loss of his claim, if it should be allowed to remain extant with the appearance of being a deliberate violation, by the plaintiff, of the land laws of the United States, in attempting or agreeing to convey a part of said lands before making final proof. This interest of the plaintiff was beyond any mere pecuniary value that could be attached to the instrument. Legal damages would be too uncertain to constitute an adequate compensation, and in no way would an action at law afford an adequate remedy. See 3 Pomeroy's Equity Jurisprudence, § 1402, and authorities there cited.

It follows therefore that the judgment of the court below should be, and the same is hereby, affirmed.

ANDERS, C. J., and STILES, J., concur.

HOYT and DUNBAR, JJ., not sitting.